UUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　　Nos.:　3:14-CR-85-13
　　　　　　　　　　　　　　　　　　　　　)　　　　　　　3:16-CV-632
GINA AUSTIN,　　　　　　　　　　　　)　　　Judge Phillips
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　　　)


**MEMORANDUM AND ORDER**

This criminal case is before the Court the defendant's pro se Motion to Vacate under

28 U.S.C. § 2255 [Doc. 791]. In this motion, the defendant seeks a sentence reduction

pursuant to Amendment 794 to the United States Sentencing Guidelines ("U.S.S.G.") [*Id.*

at pp. 1—2, 6]. The government has responded in opposition to this motion [Doc. 794]

and the defendant has replied [Doc. 798].

On February 25, 2015, defendant was sentenced to a term of imprisonment of 77

months as a result of her guilty plea to conspiring to manufacture 50 grams or more of

methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) [Doc.

402]. She did not file a direct appeal of her conviction or sentence.

As an initial point, the Court notes that "the proper vehicle for an inmate to obtain

a sentence reduction because of a change in the sentencing guidelines is 18 U.S.C. §

3582(c)(2), not 28 U.S.C. § 2255." *Cook v. United States*, Nos. 2:10-cr-26, 2:15-cv-212,

2016 WL 7321304, at *7 (E.D. Tenn. Dec. 14, 2016) (Greer, J.). Therefore, the defendant

should have made her request for a sentence reduction pursuant to Amendment 794 by means of an 18 U.S.C. § 3582(c)(2) motion, not by a 28 U.S.C. § 2255 motion, a point that defendant acknowledges in her reply [Doc. 798 at p. 1].

Federal courts may exercise their discretion to ignore the incorrect legal label that a pro se litigant attaches to a pleading or motion and re-characterize it for the purpose of placing it within a different legal category. *Castro v. United States*, 540 U.S. 375, 381 (2003). The federal courts may do so to: (1) avoid unnecessary dismissal; (2) avoid inappropriately stringent applications of formal labeling requirements; or (3) create a better correspondence between the substance of a pro se claim and its underlying legal basis. *Id.* at 381–82.

Because the sole form of requested relief is a sentence reduction pursuant to Amendment 794, the Court finds it appropriate to ignore the defendant's incorrect labeling of her motion as a 28 U.S.C. § 2255 motion and re-characterize it as an 18 U.S.C. § 3582(c)(2) motion. Even if the Court were to review defendant's motion as a § 2255 petition, it appears that such a request would be foreclosed by the one-year statute of limitations in 28 U.S.C. § 2255(f)(1).

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)); *accord Dillon v. United States*, 560 U.S. 817, 824 (2010). One such statute is 18 U.S.C. § 3582(c)(2), which authorizes a sentence reduction when consistent with the policy statements in the Sentencing Guidelines, where a defendant "has

been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" via a retroactively applicable amendment. 18 U.S.C. § 3582(c)(2); *see also* 28 U.S.C. § 994(u); U.S. Sentencing Guidelines Manual § 1B1.10.

"Section 1B1.10 of the Sentencing Guidelines contains the policy statement for § 3582(c)(2). Subsection 1B1.10(a) provides that the Court may reduce the defendant's term of imprisonment if the applicable guideline range has subsequently been lowered by one of the amendments named in subsection (d)." *United States v. Bonds*, 839 F.3d 524, 529 (6th Cir. 2016); *see also United States v. Watkins*, 655 F. App'x 478, 479 (6th Cir. 2016) ("If no amendment listed in § 1B1.10(d) lowers the defendant's 'applicable guideline range,' then a sentence reduction is inconsistent with § 1B1.10 and, therefore, not authorized by § 3582(c)(2).") (citing U.S.S.G. § 1B1.1(a)(2)(B)).

Amendment 794 took effect November 1, 2015, approximately eight months after defendant was sentenced, and clarifies the circumstances under which courts may grant a minor- or minimal-role reduction under U.S.S.G. § 3B1.2. The Sentencing Commission has not designated Amendment 794 as retroactive. U.S. Sentencing Guidelines Manual § 1B1.10(d). Because Amendment 794 does not apply retroactively, § 3582(c) does not authorize any reduction in defendant's sentence. *See Cook*, 2016 WL 7321304, at *7; *see Johnson v. United States*, Nos. 2:16-cv-428, 2:10-cr-185, 2016 WL 6084018, at *2 (S.D. Ohio Oct. 17, 2016) ("Amendment 794 is not retroactively applicable on collateral review. U.S.S.G. § 1B1.10 lists those Guidelines amendments that have been made retroactively applicable on collateral review, and Amendment 794 is not listed.").

Defendant's reliance on *United States v. Goines*, 357 F.3d 469 (4th Cir. 2004) [Doc. 798 at pp. 2—3] is misplaced. First, the Court notes that opinions from another Circuit may be persuasive, but are not binding on this Court. *See, e.g., United States v. Hernandez*, 443 Fed. App'x 34, 40 (6th Cir. 2011) (cases decided by other circuits "are merely persuasive"); *Cross Mtn. Coal, Inc. v. Ward*, 93 F.3d 211, 217 (6th Cir. 1996) ("even though the decisions of other circuits are entitled to our respect, they are not binding upon us"). Further, and most importantly, *Goines* acknowledges that "a defendant may rely on a clarifying … amendment to support a § 3582(c)(2) motion, *so long as the amendment has been designated for retroactive application*." *Id*. at 480 (emphasis added). As set forth above, Amendment 794 has not been designated for retroactive application to cases on collateral review.

Therefore, for all the foregoing reasons, defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [Doc. 791] is **DENIED**. The Clerk is **DIRECTED** to close civil case number 3:16-CV-632.

IT IS SO ORDERED.

        s/ Thomas W. Phillips
        SENIOR UNITED STATES DISTRICT JUDGE